IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| PEDRO R. VITTINI-MOREY, | ) |
| Petitioner, | ) |
| v. | ) CV 307-004 |
| MICHAEL PUGH, Warden, | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate currently incarcerated at McRae Correctional Facility in McRae, Georgia, has commenced the above-captioned case pursuant to 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. Respondent Pugh has filed a Response. (Doc. no. 7). For the reasons stated more fully below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

On November 1, 1999, Petitioner was sentenced to fifteen (15) years to life imprisonment on a State of New York drug conviction ("State Conviction"). (Doc. no. 1, p. 32, Ex. D-2). Subsequently, Petitioner was convicted in Federal Court for the offense of illegal reentry by a previously deported alien. United States v. Vittini-Morey, Criminal Case No. 99-893 (S.D.N.Y. Oct. 11, 2006). On April 14, 2000, while serving the sentence on his

State Conviction ("State Sentence"), Petitioner was sentenced to fifty-two (52) months of imprisonment by the Honorable Shira A. Scheindlin, United States District Judge, for his conviction on the illegal reentry charge. (Id.; doc. no. 1, pp. 3, 4; doc. no. 7, pp. 5, 6). During Petitioner's sentencing on the federal conviction, Judge Scheindlin stated that a partially concurrent sentence would be appropriate in Petitioner's case. (Doc. no. 1, Ex. D-2, Ex. I; doc. no. 7, p. 5). More specifically, Judge Scheindlin stated, "So the sentence is to commence, the federal sentence on November 14, 2009 or the date on which the state paroles him for deportation or in fact for any other purpose, whichever is earliest." (Doc. no. 1, p. 51). After the federal sentencing, Petitioner was returned to the custody of the State of New York, where he continued to serve his State Sentence.

Thereafter, according to Petitioner, on May 6, 2005, he was re-sentenced on his State Conviction to 8 years of imprisonment, as opposed to 15 years to life, pursuant to the retroactively applicable Drug Reform Act. (Id. at 3, 5). Petitioner was paroled by the State on April 13, 2006.[1] (Id.). Upon being paroled by the State, Petitioner immediately began serving his federal sentence of 52 months of imprisonment. (Doc. no. 1, p. 12; doc. no. 7, pp. 5, 6). The Bureau of Prisons ("BOP") calculated Petitioner's projected release date for January 20, 2010. (Doc. no, 7, p. 12, Ex. 1). Petitioner is currently serving his federal sentence of 52 months of imprisonment at McRae Correctional Facility. (Id. at 2).

Petitioner has now filed a § 2241 petition in this Court arguing one ground for relief, asserting that the BOP "calculated [his] release date contrary to [the] federal judge's

---

[1] Petitioner contends that the only reason he was paroled on April 13, 2006 by the State was because he forced his release by filing a petition for habeas corpus. (Doc. no. 1, p. 12).

2

instructions at [the] sentencing proceeding." (Doc. no. 1, p. 3). According to Petitioner, he is entitled to credit on his federal sentence for time he served while in State custody because he "over-served" his State Sentence. (Doc. no. 1, pp. 6, 7, 16-18). Respondent maintains that Petitioner's projected release date of January 20, 2010 (doc. no. 8, p. 7), is correct because Petitioner received credit from the State of New York against his State Sentence up to the time he was paroled, and under the applicable statute he cannot receive double credit.

## II. DISCUSSION

Here, Petitioner asks the Court to conclude that he is entitled to credit on his federal sentence for the "extra" time he served in State custody. (Doc. no. 1, pp. 6, 7, 16-18). By Petitioner's calculations, he had served the full eight-year State Sentence on July 10, 2005 (doc. no. 8, p. 3); however, he was not paroled on his State Sentence until April 13, 2006 (doc. no. 1, p. 12). Thus, according to Petitioner, he "over-served" his State Sentence by approximately nine (9) months and three (3) days because the State of New York continued to unjustly incarcerate him until April 13, 2006. (Doc. no. 8, p. 3).

In support of his argument, Petitioner relies upon Judge Scheindlin's pronouncement at his sentencing hearing: "So the sentence is to commence, the federal sentence on November 14, 2009 or the date on which the state paroles him for deportation or in fact for any other purpose, whichever is earliest." (Doc. no. 1, p. 51, Ex. I). Petitioner contends that this language somehow mandates that his federal sentence should have started on the date that his eight-year State Sentence was finished, per his calculation, on July 10, 2005.[2] (Doc.

---

[2]In particular, Petitioner relies on the clause, "or in fact for any other purpose," to support his current argument that his federal sentence should have started running on July 10, 2005. (Doc. no. 1, pp. 15-18). This argument fails for two reasons. Fist, as noted *infra*,

3

no. 9, p. 3). Petitioner asserts, "Upon his resentence, federal authorities were fully aware that completion of [Petitioner's] eight (8) year term was slated for July 10, 2005 and therefore, he should have been in federal custody on that date." (Id.). Furthermore, according to Petitioner, "the federal authorities plainly allowed the State of New York to unjustly continue to incarcerate [Petitioner] until April 13, 2006, more than nine months past his release date." (Id. at 4).

On the other hand, Respondent provides that because Petitioner was incarcerated on his State Sentence and credited by the State with that time until he was paroled on April 13, 2006, he is not entitled to credit for any time before April 13, 2006, against his federal sentence. (Doc. no. 7, p. 7). Moreover, Respondent points out that Petitioner is in effect requesting that the BOP make a determination on how the State of New York law applies to his circumstances, and to start Petitioner's federal sentence before the time it was ordered to start by Judge Scheindlin. (Id. at 9, 10). Respondent has the better argument.

The issues Petitioner raises concerning the computation of his sentence are governed

---

Petitioner is not entitled to double credit for the time served on his State Sentence.

Second, to the extent Petitioner asserts that Judge Scheindlin's phrase, "or in fact for any other purpose" modifies something other than the date he was paroled, this argument is unavailing. Petitioner attempts to impose a strained construction of this phrase. He claims that by stating "or in fact for any other purpose," Judge Scheindlin was providing Petitioner with a third, earlier alternative from which to start his federal sentence. However, the Court notes that the clause "or in fact for any other purpose" simply modifies the reason for Petitioner's parole. Judge Scheindlin stated that Petitioner's federal sentence was to commence on November 14, 2009, or the date on which the state paroles him for deportation. Judge Scheindlin's phrase, "in fact for any other purpose," merely addressed or clarified that Petitioner's federal sentence was to commence when he was paroled for whatever reason, not simply for deportation. As such, the contested phrase, does not, as Petitioner contends, set an additional, earlier trigger date for the commencement of his federal sentence.

4

by 18 U.S.C. § 3585(b) and by Program Statement ("PS") 5880.28 of the <u>Sentence Computation Manual (CCA of 1984)</u>,[3] which implements the congressional mandate of 18 U.S.C. § 3585(b).

> 18 U.S.C. § 3585(b) provides:
>
> **(b) Prior Custody Time Credit**.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

(Doc. no. 7, Ex. 5).

Here, while Petitioner was serving his State Sentence, he was indicted in federal court for a violation of 8 U.S.C. § 1326(a), Illegal Reentry of a Deported Alien, and sentenced on this offense to the term of 52 months of imprisonment to begin when he was released on parole from state custody, or on November 14, 2009, whichever was earliest. (Doc. no. 1, p. 32, Ex. D-2). After he was sentenced in federal court, Petitioner was transferred back to the custody of New York to complete his State Sentence. (Id.). Thereafter, Petitioner's State Sentence was reduced from 15 years to life, to 8 years of incarceration. (Id.). He was paroled from the custody of New York on April 13, 2006. (Id.). Thus, the BOP calculated Petitioner's federal sentence commencing from April 13, 2006, the date he was paroled by the State, as per Judge Scheindlin's imposed sentence. (Id.).

---

[3] Program Statements, the BOP's internal agency guidelines, are entitled to some deference from the courts. Reno v. Koray, 515 U.S. 50, 61 (1995).

Petitioner's argument that he is entitled to credit on his federal sentence from the date he believes he should have been paroled, July 10, 2005, is misguided, as he has already received credit for this time on his State Sentence. As provided in the response to his Regional Administrative Remedy Appeal 432248-R1:

> To insure the intent of the [c]ourt was followed, institution staff contacted the U.S. Attorney's Office who verified that your sentence had been computed appropriately. State authorities were also contacted and advised that **all time in their custody and while you were on federal writ had been credited toward your state sentence**.

(Doc. no. 1, p. 32) (emphasis added). Accordingly, Petitioner is not entitled to the credit he has already received on his State Sentence to also be applied to his federal sentence.[4]

Moreover, the Supreme Court has ruled that Congress made clear that a defendant could not receive double credit for his detention time.[5] United States v. Wilson, 503 U.S. 329, 337 (1992). The Court also notes that in an unpublished opinion, the Eleventh Circuit

---

[4]Petitioner also apparently contends that because, according to his calculations, he was held in State custody beyond his State Sentence, that "the State of New York could not, in any way, shape or form credit [Petitioner] for the extra months [he] spent in their custody, albeit illegally." (Doc. no. 8, p. 4). This argument must also fail, as Petitioner was advised that "all time in [New York State custody] and while [Petitioner] was on federal writ had been credited toward [petitioner's] state sentence." (Doc. no. 1, p. 32). Moreover, in a similar vein, federal courts have held that a prisoner is not entitled to credit on a federal sentence for time served on a state court sentence he was serving when convicted of the federal offense, though the state sentence was subsequently reversed. Meagher v. Clark, 943 F.2d 1277, 1281 (11th Cir. 1991) (citing Scott v. United States, 434 F.2d 11 (5th Cir. 1970)); see also Bagley v. Rogerson, 5 F.3d 325, 330 (8th Cir. 1993) (noting that courts have not found a due process violation from the denial of federal credit for time served on a vacated state sentence, even when the service of the state sentence delayed the start of a federal sentence). Thus, Petitioner is not entitled to the relief he seeks.

[5]In the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et seq., which became effective in 1987, Congress rewrote § 3568 and recodified it at § 3585(b). Wilson, 503 U.S. at 332.

6

affirmed the denial of a petition requesting for credit for time served, concluding, "Pursuant to the clear terms of § 3585(b), a defendant can receive credit for time served only if the specified time period had not been credited against another sentence." Castillo v. Federal Correctional Institution of Tallahassee, 163 Fed. Appx. 803, 804 (11th Cir. Jan. 5, 2006); see also Chaplin v. United States, 451 F.2d 179, 181 (5th Cir. 1971) (holding petitioner was not entitled to credit toward his federal sentence for such time spent in state custody). Thus, Petitioner is not entitled to credit on his federal sentence for the time he spent in State custody.

In sum, Petitioner was credited for the time served on his State Sentence, and therefore he is not entitled to credit for the same time on his federal sentence. Thus, he is not entitled to the relief he seeks.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 26th day of March, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE